**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JESSICA PICOU**<br><br>                    Plaintiff,<br><br>– Versus –<br><br>**OCEAN HARBOR CASUALTY INSURANCE COMPANY**<br><br>                    Defendant | CIVIL ACTION No.:<br><br>JUDGE:<br><br>MAG. JUDGE:<br><br><br>**JURY DEMAND** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Complainant, **JESSICA PICOU**, who hereby submit this Original Complaint, to wit:

**I.     PARTIES**

1.

Made Plaintiff herein is **JESSICA PICOU**, a person of the full age of majority domiciled in the Parish of Lafourche, State of Louisiana with an address of 204 Rose Mary Avenue, Chauvin, Louisiana 70344 ("*Complainant*").

2.

Made Defendant herein is **OCEAN HARBOR CASUALTY INSURANCE COMPANY** ("*Ocean Harbor*"), a foreign corporation with its principal place of business at 2549 Barrington Circle, Tallahassee, FL, 32308.

**II.     JURISDICTION AND VENUE**

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and because the amount in controversy is

greater than the minimum jurisdictional amount.

4.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of Louisiana, because the property that is the subject of this action and where the damages were sustained occurred within the Eastern District of Louisiana.

III.    **RELEVANT FACTS**

5.

Complainant owns the immovable property with improvements bearing municipal address 204 Rose Mary Avenue, Chauvin, Louisiana 70344 (the "*Property*").

6.

At all pertinent times herein, **OCEAN HARBOR** issued a policy of homeowners insurance to Complainant under Complainants maiden name, Jessica Picou, for the Property covering the dwelling, other structures, personal property and loss of use for Complainant caused by perils, including hurricanes, under **Policy No. DPC-0092572-04** (the "*Policy*").

7.

On or about August 29, 2021, Hurricane Ida made landfall in Southeast Louisiana causing extensive physical damage to the dwelling, other structures, and personal property on the Property and loss of use for Complainant.

8.

Complainant promptly reported the loss to **OCEAN HARBOR**, who assigned claim number 2021-170003772 (the "*Claim*").

9.

Complainant immediately took steps to mitigate their damages to best of Complainant's ability and eventually provided **OCEAN HARBOR** with itemized repair estimates for the Property and replacement of personal property damaged as a result of Hurricane Ida and additional living expenses incurred by Complainant.

10.

On or about September 2021, **OCEAN HARBOR** conducted a field inspection of the Property (the "*Inspection*").

11.

The Inspection constituted satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973.

12.

By filing the Claim and providing **OCEAN HARBOR** with damage information and access to the Property, satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973 was accomplished.

13.

On or about **February 2022**, undersigned counsel, on behalf of Complainant, sent **OCEAN HARBOR** a demand letter demanding payment of the policy limits of the dwelling and other structures portion of the policy, and enclosed an itemized repair estimate for **$110,126.99** in repairs to Complainant's dwelling for the damages sustained to the Property from Hurricane Ida.

14.

By filing the Claim, allowing **OCEAN HARBOR** to inspect the Property, submitting damage information, and sending the **February 2022** demand letter, Complainant has further

submitted satisfactory proof of loss to **OCEAN HARBOR** as required per La. R.S. § 22:1892 and 1973.

15.

Due to **OCEAN HARBOR's** refusal to pay the amount owed to Complainant on the Claim, Complainant was forced to utilize funds from other sources to repair as much damage to the Property as feasible and expend an enormous amount of time, money and energy attempting to get **OCEAN HARBOR** to pay the full value of the Claim.

16.

To date, despite being provided with satisfactory proof of loss, **OCEAN HARBOR** has failed to tender adequate payment to Complainant on the Claim.

17.

The failure of **OCEAN HARBOR** to adequately pay the Claim despite satisfactory proof of loss and the time and manner which the Claim was processed was all arbitrary, capricious, and/or without probable cause, thereby rendering **OCEAN HARBOR** liable in bad faith in violation of Louisiana law as set forth below.

IV.    **CAUSES OF ACTION**

A.    **Breach of Insurance Contract**

18.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

19.

The Policy is a valid, binding legal insurance contract between Complainant and **OCEAN HARBOR**

20.

The Policy provides coverage to Complainant for damages to the dwelling, other structures, personal property, and loss of use for Complainant as a result of Hurricane Ida.

21.

**OCEAN HARBOR** has breached the insurance contract in the following ways:

a) Failing to timely and adequately initiate Complainant's losses per the Claim;

b) Failing to timely and adequately calculate Complainant's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the dwelling located on the Property;

d) Failing to timely and adequately tender proceeds to cover damage sustained to the other structures located on the Property;

e) Failing to timely and adequately tender proceeds to cover damage sustained to Complainant's personal property;

f) Failing to timely tender adequate proceeds to cover Complainant's additional living expenses;

g) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

h) Failing to timely and adequately tender undisputed proceeds;

i) Failing to pay the Claim within the time constraints allowed under by law after receiving satisfactory proof of loss;

j) Purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Complainant during the Claims process; and

m) Other ways which will be shown at trial.

22.

**OCEAN HARBOR**'s breach of the insurance contract was in bad faith.

23.

Complainant has fully and satisfactorily performed all its obligations pursuant to the insurance contract, yet **OCEAN HARBOR** has failed to perform.

24.

As a result of **OCEAN HARBOR's** breach, Complainant has been damaged as set forth below and continue to incur damages daily.

**B.      Violation of La. R.S. § 22:1892**

25.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

26.

Pursuant to La. R.S. § 22:1892, **OCEAN HARBOR** was required to: (a) pay the Claim and make a written offer to settle the Claim within thirty (30) days after receipt of satisfactory proof of loss and (b) initiate loss adjustments within sixty (60) days after notification of loss by Complainant.

27.

The Inspection that occurred on or about **September 2021**, constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892 to pay the Claim and make a written offer to settle the Claim.

28.

In the alternative, at the latest, the date Complainant provided **OCEAN HARBOR** the demand letter and itemized repair estimate on **February 2022**, constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892.

29.

**OCEAN HARBOR** has failed to timely initiate loss adjustments, adequately pay the Claim, and/or make a written offer to settle the Claim within the statutory deadlines per La. R.S. § 22:1892.

30.

**OCEAN HARBOR's** violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

31.

For **OCEAN HARBOR's** violations of La. R.S. § 22:1892 as set forth above, Complainant is entitled to recover, in addition to the amount of the Claim, statutory penalties of fifty percent of the amount found to be due from **OCEAN HARBOR** to Complainant, or one thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

C.     **Violation of La. R.S. § 22:1973**

32.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

33.

Pursuant to La. R.S. § 22:1973, **OCEAN HARBOR** owed Complainant a duty of good faith and fair dealing and to adjust the Claim fairly and promptly.

34.

**OCEAN HARBOR** violated these duties as follows:

a) Failing to timely and adequately initiate Complainant's losses per the Claim;

b) Failing to timely and adequately calculate Complainant's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the dwelling located on the Property;

d) Failing to timely and adequately tender proceeds to cover damage sustained to the other structures located on the Property;

e) Failing to timely and adequately tender proceeds to cover damage sustained to Complainant's personal property;

f) Failing to timely tender adequate proceeds to cover Complainant's additional living expenses;

g) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

h) Failing to timely and adequately tender undisputed proceeds;

i) Failing to pay the Claim within the time constraints allowed under by law after receiving satisfactory proof of loss;

j) Purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Complainant during the Claims process; and

m) Other ways which will be shown at trial.

35.

**OCEAN HARBOR's** violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

36.

For **OCEAN HARBOR's** violations of La. R.S. § 22:1973, as set forth above, Complainant is entitled to recover, in addition to the amount of the Claim, an amount equal to two times the damages sustained by Complainant, as set forth below, or five thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**D.    Intentional and Negligent Infliction of Emotional Distress**

37.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

38.

For all of the above actions and inactions of **OCEAN HARBOR** as set forth above**,** **OCEAN HARBOR** is liable to Complainant under the legal theory of intentional and negligent infliction of emotional distress entitling Complainant to the damages set forth below.

**E.    Negligent Claims Adjusting**

39.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

40.

For all of the above actions and inactions of **OCEAN HARBOR** as set forth above, **OCEAN HARBOR** is liable to Complainant under the legal theory of negligent claims adjusting entitling Complainant to the damages set forth below.

**V.    DAMAGES**

41.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

42.

As a direct result of **OCEAN HARBOR's** actions, inactions, and omissions described above and which will be proven at trial, Complainant is entitled to recover the following from **OCEAN HARBOR:**

a) Diminution of the value of the Property;

b) Costs to adequately repair the dwelling located on the Property;

c) Costs to adequately repair the other structures located on the Property;

d) Costs to adequately repair and/or replace the personal property located on the Property damaged due to Hurricane Ida;

e) Reimbursement for repairs Complainants made to the Property;

f) Costs for content manipulation to repair the Property;

g) Loss of income;

h) Inconvenience;

i) Mental anguish;

j) Repair and remediation expenses;

k) Loss of use of enjoyment of the Property;

l) Damage to the Property;

m) Loss of investment value of funds used to offset Defendant's failure to pay, including lost interest;

n) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1892;

o) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1973;

p) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 51:1409;

q) Pecuniary and non-pecuniary damages;

r) Penalties, damages, and attorneys' fees;

s) Other professional fees and costs of litigation;

t) Costs of these proceedings;

u) Costs of estimates, estimators, adjusters, professions, and/or experts; and

v) Other damages as will be shown at trial

(collectively, the "*Damages*").

## VI.    <u>JURY DEMAND</u>

43.

Complainant demands a trial by jury on all issues.

**WHEREFORE**, Complainant, **JESSICA PICOU**, prays Defendant, **OCEAN HARBOR CASUALTY INSURANCE COMPANY, INC.,** be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after due proceedings are had there be judgment in favor of Complainant, **JESSICA PICOU**, and against Defendant, **OCEAN HARBOR CASUALTY INSURANCE COMPANY, INC.,** in a principal sum to adequately compensate Complainant for the Damages set forth herein, with legal interest thereon from the date of judicial demand until paid in full, attorneys' fees, expenses, all costs of these proceedings, and for all other general and equitable relief this Honorable Court deems lawful, proper, and just.

Respectfully submitted,

**SYE J. BROUSSARD (Bar #33035), T.A.**
**JACKIE DOVE BROUSSARD (Bar # 33539)**
**VICTOR M. DANTIN (Bar # 35462)**
BROUSSARD & DOVE, APLC
7605 Park Avenue | Houma, Louisiana 70364
T: 985.868.4800 | F: 985.868.4899
E:  Sye@BroussardDoveLaw.com
    Jackie@BroussardDoveLaw.com
    Vic@BroussardDoveLaw.com
*Counsel for Complainant*